UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WENDY ADAMS and THE CAREER COACH, LLC | * * * | |
| Plaintiffs, | * * | Civil Action No. 15-cv-11827-ADB |
| v. | * * | |
| BEACON HILL STAFFING GROUP, LLC and CITRIX SYSTEMS, INC., | * * * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

October 21, 2015

BURROUGHS, D.J.

  Before the Court are the following motions: Wendy Adams and The Career Coach, LLC's ("Plaintiffs") Motion to Remand Pursuant to 28 U.S.C. § 1447(c) [ECF No. 11]; Plaintiffs' Second Motion to Remand Pursuant to 28 U.S.C. § 1447(c) and for an Award of Attorneys' Fees [ECF No. 33]; and Plaintiffs' Motion to Extend Time for Service of Process on Beacon Hill. [ECF No. 36.] Also before the Court are defendant Citrix Systems, Inc.'s ("Citrix") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 8] and defendant Beacon Hill Staffing Group, LLC's ("Beacon Hill") Motion to Dismiss for Insufficient Process and Service of Process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) [ECF No. 19]. For the reasons set forth below, Plaintiffs' motions to remand and for fees [ECF Nos. 11, 33] are GRANTED IN PART AND DENIED IN PART. Accordingly, this action is remanded to the Massachusetts Superior Court for Suffolk County ("Suffolk County Superior Court"). The remaining motions [ECF Nos. 8, 19, and 36] are DENIED AS MOOT.

I.  **Background**

On May 11, 2015, Plaintiffs filed an action alleging contractual and statutory causes of action in Suffolk County Superior Court. [See ECF No. 1, Ex. 2 (the "Complaint").] Plaintiffs, both citizens of Maryland, sued Beacon Hill, a citizen of Massachusetts, and Citrix, a citizen of Delaware and Florida. [Id.] On May 12, 2015, although neither defendant had been served with the Complaint, defendant Citrix removed the case to this Court pursuant to 28 U.S.C. § 1441(b), providing for removal of suits to federal district court based on diversity jurisdiction under 28 U.S.C. § 1332. [See ECF No. 1.] On May 18, 2015, six days later, Plaintiffs sent a summons and a copy of the Complaint to the Suffolk County Sheriff to effectuate service on forum defendant Beacon Hill. [ECF No. 12, at 5 and Ex. 10.] On June 2, 2015, prior to Beacon Hill being served, Citrix filed a motion to dismiss the action in this Court. [ECF No. 8.] On June 8, 2015, a Suffolk County Sheriff purportedly served Beacon Hill in the present action. [Id. at 5 & Ex. 7.] Beacon Hill, however, challenges the sufficiency of that service under Fed. R. Civ. P. 12(b)(4)-(5). [ECF No. 19.] On July 2, 2015, after forum defendant Beacon Hill had been served, Citrix filed a Second Notice of Removal in this Court. [ECF No. 23.] To date, it appears that Citrix has yet to be formally served.[1] Neither defendant maintains that Beacon Hill was improperly or fraudulently joined as a party to this action to thwart removal.

II. **The Forum Defendant Rule**

Federal courts have long held that the plaintiff is the "master of the claim," see, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), and can chose whether to file a case in

---

[1] Earlier, in February 2015, Plaintiffs filed substantially the same suit against the same parties, also in Suffolk County Superior Court. [ECF No. 12, at 2.] On April 23, 2015, in that predecessor suit, Plaintiffs learned that Beacon Hill had been served by the Suffolk County Sheriff twelve minutes after Citrix, who had been served by mail, filed a notice of removal. [Id. at 4.] Pursuant to Fed. R. Civ. P. 41(a), Plaintiffs then voluntarily dismissed their first suit without prejudice, presumably in an effort to thwart the removal. [Id. at 5.] Although aspects of

2

state or federal court. Nonetheless, a defendant may remove a case brought in state court to federal court if the case falls within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Despite this general rule, however, a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This has come to be known as the "forum defendant rule."

In interpreting this rule, the Supreme Court has held that "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005); see also Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006) (explaining that diversity jurisdiction removal is confined to "instances where no defendant is a citizen of the forum state"). This reflects the concept that removal based on diversity jurisdiction is not warranted where the plaintiff has chosen the state court and there is no risk of bias against an out-of-state defendant given the plaintiff's decision to sue the defendant in the defendant's home state.

The use and interpretation of the forum defendant rule, however, is more complicated in instances where, as here, there are multiple defendants and not all are from the forum state. This complexity derives from the wording of 28 U.S.C. § 1441(b)(2), which provides that an action which is "removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of

---

this dismissal are troubling, it does not bear on this Court's resolution of the issues currently before it.

the State in which such action is brought." Thus the language of the statute makes it unclear whether the case could be properly removed prior to any defendant being "properly joined and served" or whether a plaintiff can preserve or potentially forfeit its choice of forum simply by serving or not serving a forum defendant first. Overall, the district courts have been inconsistent in their treatment of this situation. See Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313, 317 (D. Mass. 2013) (collecting cases). Further, because orders granting remand for failure to satisfy the forum defendant rule are not appealable, see Holmstrom v. Peterson, 492 F.3d 833 (7th Cir. 2007), and orders denying remand are subject to the final judgment rule, see Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1275 (9th Cir. 1990), the courts of appeal have not often dealt with the issue, and there is no First Circuit law squarely on point.

The most thoughtful examination of this issue in this district was undertaken by Judge Woodlock in Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313 (D. Mass. 2013). In Gentile, Judge Woodlock held that where removal is based on diversity of citizenship and there is both a forum and a non-forum defendant, "removal is improper until at least one defendant has been served." Gentile, 934 F. Supp. 2d at 314. Under this rule, "[a] plaintiff thus may preserve its choice of state forum by serving the forum defendant before any others." Id.

The alternative formulation, urged by Citrix in this case, is that a non-forum defendant may remove an action with a forum defendant so long as the forum defendant has yet to be served. See, e.g., McCall v. Scott, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."); Regal Stone Ltd. V. Longs Drug Stores California, L.L.C., 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) ("The pro-removal courts hold that the clear and unambiguous language of the statute only prohibits removal after a

properly joined forum defendant has been served."). Where courts have taken this view, removal by a non-forum defendant is permissible so long as a forum defendant has yet to be served.

### III.   Discussion

In this case, Citrix, the party who attempted to effect the removal, relied upon diversity of citizenship as the source of this Court's subject matter jurisdiction. See 28 U.S.C. § 1332(a). Citrix correctly asserts that "[s]ervice is generally not a prerequisite for removal" such that "a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily defined period for removal ends." Novak v. Bank of New York Mellon Tr. Co., NA, 783 F.3d 910, 911 (1st Cir. 2015). Plaintiffs, however, argue that where, as here, there is a forum defendant, the forum defendant rule is an exception to the general rule and "preclud[es] removal until at least one defendant has been served." See Gentile, 934 F. Supp. 2d at 322.

Citrix raises two primary arguments in support of its position that removal, prior to any party being served, was proper. First, Citrix argues that the Gentile decision is contrary to the text and purpose of the removal statute and should therefore not be followed. In addition, Citrix maintains that it effectively waived service by moving to dismiss and then removing the case for the second time. Citrix suggests that they should therefore be deemed to have been served, by virtue of the waiver, prior to both the removal and service upon the forum defendant, which makes the removal appropriate. See Fed. R. Civ. P. 12(h) (a defendant waives defenses enumerated in Rule 12(b)(1)-(5), including service, by filing a motion to dismiss without raising these defenses). As more fully discussed below, the Court disagrees with both arguments, and the case is therefore remanded.

First, this Court overall agrees with the reasoning articulated in Gentile, which allows a plaintiff to preserve its choice of forum where there is a forum defendant and the rationale for diversity jurisdiction is therefore markedly less compelling. Gentile, 934 F. Supp. 2d at 314. Additionally, ruling consistent with Gentile will, at least in this district, help to simplify the "disarray on the question," id. at 316, and provide clarity to litigants involved in multi-defendant litigation with diverse parties and a combination of forum and non-forum defendants.

Citrix argues that the rationale of Gentile is undermined by the intervening change in the text of § 1441(b), the relevant statutory provision, since Gentile relied on the pre-amendment version of the statute. Compare 28 U.S.C. § 1441(b) (2006) (an action founded on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"), with 28 U.S.C.A. § 1441(b)(2) (2011) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Notably, Judge Woodlock was aware of the amendments to the statute and found that, for purposes of his analysis, "the amendments [do] not materially change the relevant language of the statute." Gentile, at 316 n. 2. Further, as Citrix seems to acknowledge, the amendment to the statute, in pertinent part, merely makes the presence of a "properly joined and served" forum defendant an exception to removal, as opposed to making the absence of a "properly joined and served" forum defendant a requirement of removal. See Gentile, 934 F. Supp. 2d at 318. Consistent with both Gentile and the foundational rules of statutory interpretation, this alteration "d[id] not change the fact that the statute assumes at least one party has been served; ignoring that assumption would render a court's analysis under the exception nonsensical and the statute's

6

use of 'any' superfluous." Id. In other words, in instances where a properly joined defendant is a citizen of the state in which the action was commenced, § 1441(b) provides that some defendant must be served prior to any defendant being able to remove the action. From this, it follows that the 2011 amendments to § 1441(b) are immaterial for Citrix's purposes. See Gentile, 934 F. Supp. 2d at 316 n.2, 320-21; see also R & N Check Corp. v. Bottomline Technologies, Inc., No. 13-cv-118-SM, 2013 WL 6055233, at *3 (D.N.H. Nov. 15, 2013) ("It is not necessary to re-plow that ground; it is sufficient to simply note that the court agrees with the thoughtful and thorough analysis presented by Judge Woodlock in Gentile.").

In sum, applying Gentile and consistent with the language and intent of the statute, Citrix's initial removal of this case was improper. In cases where the parties are diverse and one defendant is a citizen of the forum state, removal based on diversity is prohibited until at least one defendant has been served. If the non-forum defendant is served before the forum defendant, the non-forum defendant may remove. See Howard v. Genetech, Inc., No. 12-11153-DPW, 2013 WL 680200, at *1 (D. Mass. Feb. 21, 2013) (indicating that removal by the non-forum defendant would have been permissible if accomplished in the period after it had been served but before the forum defendant was served). If, on the other hand, the forum defendant is served first, removal is not permitted. Here, because neither defendant had been served when Citrix purported to remove the action, Citrix's removal was premature and impermissible.

Second, Citrix argues that, if the removal before either defendant was served was improper, Citrix cured this problem by removing the action to this Court, filing a motion to dismiss (thereby waiving service), and then filing a second notice of removal premised upon the notion that Citrix had been served by virtue of its waiver. [See ECF No. 26, at 4-7.] The Court rejects this argument. Because the removal in the first instance was improper, the motion to

dismiss is without effect. Attempting a second removal following such a motion to dismiss and the purported imputed waiver of service, although perhaps clever, is improper and will not cure the situation created by the first improper removal. Accordingly, Citrix's waiver theory of removal also fails, and Plaintiffs' motions to remand are granted.

## IV.     Fees

The Plaintiffs have asked for an award of attorneys' fees to compensate them for the cost of litigating the issue of removal and remand. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that the award of fees does not occur as a matter of course for cases removed and subsequently remanded. See Martin v. Franklin Capital Corp., 546 U.S. 132, 137 (2005). Rather, to adequately deter improper removals designed to increase the cost and duration of litigation while simultaneously balancing the right of defendants to access the federal forum, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141. Thus, the question is whether Citrix had an "objectively reasonable basis" to remove. Consistent with Martin and for the reasons that follow, this Court declines to assess fees for the cost of litigating the issue of removal and remand.

Although the initial removal was improper, the Court finds that Citrix had an objectively reasonable basis for removing the action in the first instance. Citrix's argument for removal was not frivolous; the question of whether removal was appropriate under these facts is one that "has deeply divided district courts across the country." Gentile, 934 F. Supp. 2d at 315. Given the uncertainty of how a given court might apply the dictates of the forum defendant rule, it was not

8

a foregone conclusion that this court would follow the rationale of Gentile, particularly where the First Circuit has not addressed the specific question presented. See Novak, 783 F.3d at 911 n.1 (2015 1st Cir.) ("Because Novak has not named a defendant who is a citizen of the forum state in this case, we need not consider, and do not decide, whether Select Portfolio Servicing's notice of removal would have been proper under the forum-defendant rule, 28 U.S.C. § 1441(b)(2), had one of the defendants in this case been a forum defendant."). Furthermore, there are, as Citrix argues, different facts and an intervening change in statutory text that might have made removal seem reasonable even in the face of Gentile's holding. [See ECF No. 12 at 10.] Although the Court concludes that the Gentile rule should be followed both for the force of its reasoning and to promote consistency within the District of Massachusetts, this alone does not compel the conclusion that Citrix's original decision to remove was objectively unreasonable.

Citrix's Second Notice of Removal [ECF No. 23] was less defensible as a reasonable litigative decision. First, to have filed the second motion for removal, Citrix must have concluded at least that the first removal was problematic. Second, even after only minimal reasoned consideration, it is apparent that either the first removal was appropriate (and therefore the second removal not necessary) or it wasn't appropriate (thereby mooting the subsequently filed motion to dismiss). In either case, it is difficult to conclude that the second removal effort was wholly reasonable. Third, the more obvious course would have been to amend the first notice of removal, rather than to file an additional notice of removal. Nonetheless, despite it being a close call and there being reasonable grounds upon which to impose fees and costs, the court will decline to do so in this case, largely because of the complexities and uncertainties of the procedural history of this case and the forum defendant rule.

## V. Conclusion

For the aforementioned reasons, Plaintiffs' motions to remand [ECF Nos. 11, 33] ARE GRANTED, and this matter is remanded to Suffolk County Superior Court. Plaintiffs' motions for attorney's fees [ECF Nos. 11, 33] are DENIED. The remaining pending motions [ECF Nos. 8, 19, and 36] are DENIED AS MOOT.

**SO ORDERED.**

Dated: October 21, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE